# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ERVIN W. JETT, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 08-4124-CV-W-FJG-SSA |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint and Suggestions in Support (Doc. No. 6).

**I.     Background**

On June 27, 2007, an administrative law judge (ALJ) issued a fully favorable decision on Plaintiff's claim, finding Plaintiff entitled to a period of disability commencing on December 13, 2004. Plaintiff had 60 days from the notice of the ALJ's decision to file any request for review. At some time following this favorable decision, Plaintiff states that he discovered that the onset date of his disability and receipt of benefits from that date meant that he was not vested in his pension plan. Plaintiff asserts that the pension plan failed to inform him of this until after the 60 days to appeal had expired. Plaintiff, through counsel, filed a request for review of the ALJ's decision on December 27, 2007, seeking an amendment of the onset date of disability to November 1, 2005 so that Plaintiff could qualify for pension plan benefits. Plaintiff's request states, in full:

> The onset date should be amended to November 1, 2005. Good cause for late filing is present because we are moving the onset date to a later date, and because the Union Pension Plan failed to notify Claimant he was not vested in the pension plan because of the onset date until after the Appeal time ran out. We understand that there will be an overpayment if the onset date is amended, and we will return the overpayment.

On April 5, 2008, the Appeals Council of the Social Security Administration dismissed Plaintiff's request for review because it was not filed within 60 days from the date the notice of the ALJ's decision was received by Plaintiff. The Appeals Council found no good cause for the untimely filing of the request for review, noting:

> In connection with the request for review the claimant requested a later onset date of November 1, 2005 to accommodate the requirements of his pension plan. The claimant submitted no additional evidence and did not indicate that the requirements of the pension plan were unavailable to him prior to the date of the hearing decision.

On June 5, 2008, Plaintiff filed his Complaint with this Court. Plaintiff asserts in his Complaint that the Appeals Council's decision was (1) an abuse of its discretion, in that Plaintiff advanced a good reason to extend the time for filing of the request for review; and (2) contrary to law, regulation and the Due Process Clause of the 14th Amendment to the United States Constitution.

## II. Standard

For Social Security benefits claims,

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

Further,

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). Sovereign immunity shields the Federal Government and its agencies

from suit, absent a waiver.  Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994).  As noted by the government, 42 U.S.C. § 405(g) is the exclusive basis for judicial review on cases arising under the Social Security Act.

If a claimant does not timely pursue administrative appeal rights, the administrative determination or decision becomes binding.  See C.F.R. §§ 404.900a, 404.905, 404.921, 404.955, and 404.981.  If, however, the claimant shows good cause for failing to timely appeal, the Commissioner will extend the time for seeking review.  See 20 C.F.R. § 404.911.

**III.    Analysis**

Defendant argues that Plaintiff has not fully exhausted his administrative remedies, as he did not timely seek an appeal of the ALJ's decision.  As noted by defendant, there is an administrative review process through which all Social Security claims must go.  First, an individual receives an initial determination.  20 C.F.R. § 404.902.  Then, a claimant may ask for reconsideration.  20 C.F.R. § 404.907.  If claimant is still dissatisfied, he may request a hearing before an ALJ.  20 C.F.R. § 404.929.  Following an ALJ's decision, the next step is to ask for Appeals Council review of the decision.  20 C.F.R. § 404.967.  The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner, or it may grant the request for review and issue its own decision. 20 C.F.R. § 404.981.  Only then may the claimant seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days of receiving notice of the Appeals' Council's action.  Id.

20 C.F.R. § 404.968 provides that a claimant may request Appeals Council review "within 60 days after the date [the claimant] receive[s] notice of the hearing decision."  In the present matter, the ALJ's decision was issued on June 27, 2007, and Plaintiff did not request review of the decision until December 26, 2007.  Therefore, defendant states that Plaintiff has not obtained a judicially reviewable "final decision" because Plaintiff failed to

timely exhaust his administrative remedies, and therefore Plaintiff's complaint should be dismissed.

Defendant also argues that the Commissioner's determination that Plaintiff did not have good cause for missing the deadline is not reviewable by this Court. See Califano v. Sanders, 430 U.S. 99, 107-09 (1977) (finding judicial review only available in "those rare instances where the [Commissioner's] denial of a petition to reopen is challenged on constitutional grounds"). Defendant states that, as the Appeals Council considered the reasons for the late filing but found no good cause, the Appeal Council's decision not to reopen Plaintiff's claim is not subject to judicial review.

Plaintiff responds, noting in detail the reasons why he believes he demonstrated good cause for the Appeals Council to review his untimely appeal. In particular, Plaintiff notes that (1) he had physical and mental limitations due to his disability that may have prevented him from making a timely appeal[1]; and (2) unusual and unavoidable circumstances existed which showed that he could not have known of the need to file timely, given the failure of the Union Pension Plan to notify Plaintiff he was not vested in the pension plan. However, the Court cannot review the Commissioner's finding of no good cause unless there is a colorable constitutional claim involved. See Califano, 430 U.S. at 109. Thus, to the extent that Plaintiff is seeking review of non-constitutional claims, the Court finds that Plaintiff's complaint should be **DISMISSED** for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

Plaintiff further argues that "[t]he Due Process Clause of the Fourteenth Amendment to the United States Constitution is invoked because the Commissioner's actions in this

---

[1] However, and notably, Plaintiff appears to have been represented by counsel throughout the hearing before the ALJ as well as during the untimely appeal made to the Appeals Counsel. See exhibits to Doc. No. 6. Further, Plaintiff did not argue before the Appeals Council that his disabilities prevented him from timely appealing; instead, his argument was that the Pension Plan failed to notify Plaintiff that he was not vested in the plan.

4

case are so arbitrary and capricious and unrelated to any interest of the Commissioner." However, Plaintiff provides no information as to <u>how</u> the Commissioner's actions violated his rights to due process; instead, plaintiff merely makes legal conclusions. There is no indication or allegation in plaintiff's Complaint that the Appeals Council utilized improper procedures in reaching its decision; instead, Plaintiff merely alleges that the decision of the Appeals Council is "[c]ontrary to law, regulation and the Due Process Clause of the 14th Amendment to the United States Constitution." <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (finding that plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and courts are not bound to accept as true a legal conclusion couched as a factual allegation).[2] The Court finds that Plaintiff's claims of due process clause violations fail to state a claim upon which relief can be granted, and should be **DISMISSED** under Fed. R. Civ. P. 12(b)(6).

Plaintiff also states that this Court should toll the statute of limitations as the equities in tolling the statute of limitations are so strong that deference to the agency's judgment is inappropriate. In support of this proposition, Plaintiff cites <u>Bowen v. City of New York</u>, 476 U.S. 480 (1986). However, in <u>Bowen</u>, the government was alleged to have utilized secretive conduct that prevented plaintiffs from knowing of a violation of their rights. 476 U.S. at 481. There are no allegations here that the government engaged in deception or misleading activity in order to prevent Plaintiff from obtaining benefits; instead, Plaintiff received a fully favorable decision and only requested Appeals Council review once he learned the impact his receipt of Social Security benefits would have on his pension. This is not a case where the equities in tolling the statute of limitations are so strong that this

---

[2]Furthermore, from the record, it appears that the Commissioner considered Plaintiff's reasons for filing an untimely appeal and rejected them. "[D]ue process does not guarantee a favorable result, only procedures reasonably calculated to afford claimants a meaningful opportunity to be heard." <u>Boock v. Shalala</u>, 48 F.3d 348, 353 n.8 (8th Cir. 1995).

5

Court should not defer to the agency's judgment.

Therefore, for all the foregoing reasons, this case will be **DISMISSED.**

**IT IS SO ORDERED.**


Date: 11/17/08                                **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                         Fernando J. Gaitan, Jr.
                                              Chief United States District Judge